# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL L. VANSKIKE, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 18−cv–2138−NJR ) |
| DANIEL Q. SULLIVAN, | ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge**:

Petitioner Daniel L. Vanskike, an inmate of the Illinois Department of Corrections currently incarcerated in Big Muddy Correctional Center, brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner alleges that his outdate is being improperly calculated due to the interplay of his consecutive sentences. The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Without commenting on the merits of Petitioner's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b). Given the limited record, it is not plainly apparent that Petitioner is not entitled to habeas relief.

**IT IS HEREBY ORDERED** that Respondent Sullivan shall answer or otherwise plead within thirty days of the date this order is entered (**on or before February 8, 2019**).[1] This

---

[1] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk of Court (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Dated: January 8, 2019

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
**NANCY J. ROSENSTENGEL**
**United States District Judge**