## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANIEL L. VANSKIKE, # C-68736,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 18-cv-2138-NJR |
| ) | |
| **DANIEL Q. SULLIVAN,** ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Respondent's Motion to Dismiss Habeas Corpus Petition as Unexhausted. (Doc. 12). On December 3, 2018, Petitioner Daniel L. VanSkike, a state prisoner currently incarcerated at Big Muddy River Correctional Center, filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1). He claims that by operation of Illinois state law, he has served the required period of incarceration and is now being imprisoned unlawfully. (Doc. 1, pp. 1-2). According to VanSkike, the Illinois Department of Corrections ("IDOC") failed to award him sentence credits to which he was entitled, improperly aggregated his two sentences into one, and deliberately miscalculated his term of imprisonment. (Doc. 1, pp. 5, 7-10). He asserts that he is entitled to immediate release from incarceration.

The Motion to Dismiss argues that VanSkike failed to exhaust his claims through the Illinois state courts before bringing this federal habeas action. (Doc. 12, pp. 2-4). VanSkike opposes the motion. (Doc. 15).

### RELEVANT FACTS

VanSkike was convicted in 1976 of multiple counts including aggravated kidnapping and

1

rape, arising from two separate attacks. He is serving two consecutive indeterminate sentences, for 30-60 years and 50-75 years, imposed in Macon County Circuit Court Cases 76-CF-236 and 76-CF-237. (Doc. 1, p. 4).[1]

In his response to the Motion to Dismiss, VanSkike asserts that he filed a mandamus action in Will County in approximately 1990; it was denied. (Doc. 15, p. 7). He does not remember whether he appealed the denial, and he does not describe the issue(s) he raised in the mandamus petition. He attempted to file an action in Randolph County after his 1992 transfer to Menard, and he believes the circuit court's denial was affirmed by the Illinois Appellate Court as *res judicata* to the Will County action. *Id.*

In March 2016, the Illinois Prisoner Review Board considered VanSkike for discretionary parole and denied release. (Doc. 1, pp. 52-60). In May 2018, VanSkike filed a state petition for writ of habeas corpus directly with the Illinois Supreme Court. (Doc. 1, pp. 2-3, 6-7). That court construed VanSkike's filing as a motion for leave to file a habeas corpus petition and denied it on September 25, 2018. (Doc. 1, pp. 3, 82-83). This action followed.

VanSkike argues that he finished serving his maximum sentence on April 28, 2017. (Doc. 1, p. 30). According to the IDOC's online records,[2] his projected release date is September 14, 2034.[3] Because VanSkike's sentence is indeterminate, however, the Illinois Prisoner Review Board has discretion to grant him parole at an earlier date.

---

[1] In 1978, VanSkike was sentenced to another consecutive 20-year term for armed violence in Randolph County Circuit Court No. 78-CF-31. (Doc. 1, pp. 8-9). This sentence was ultimately vacated. (Doc. 1, pp. 9-10). *See U.S. ex rel. VanSkike v. O'Leary*, No. 88-C-9682, 1996 WL 495572, at *1-2 (N.D. Ill. Aug. 8, 1996) (finding that VanSkike had served his minimum term of incarceration and was eligible for discretionary parole, which was denied in 1990 and 1996, and noting that according to IDOC calculations, he would not complete his maximum sentence until June 2040).
[2] Offender Search page, https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited Nov. 26, 2019).
[3] *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

## APPLICABLE LEGAL STANDARDS

A state prisoner may challenge the constitutionality of his confinement in a habeas petition under § 2254, but only after having exhausted both administrative remedies and state judicial remedies. *See, e.g., McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001) (challenge to loss of sentence credits); *U.S. ex rel. Johnson v. McGinnis*, 734 F.2d 1193, 1196 (7th Cir. 1984).

28 U.S.C.A. § 2254(b)(1) requires that state judicial remedies be exhausted before a federal court can grant habeas relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement means that, before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c) (habeas petitioner has not exhausted state court remedies if he still has the right under state law "to raise, by any available procedure, the question presented."). Under the Illinois two-tiered appeals process, petitioners such as VanSkike must fully present their claims to the state circuit court, the intermediate appellate court, and to the Illinois Supreme Court, which offers discretionary review. *Id.*

## DISCUSSION

VanSkike asserts that he exhausted his state court remedies by filing his petition for state

habeas corpus relief directly to the Illinois Supreme Court. He cites 735 ILCS 5/10/102,[4] arguing that he had the choice to file either in the Illinois Supreme Court or in the circuit court, and chose the former because it offered a quicker resolution of his habeas claim. (Doc. 15, pp. 2-3).

Respondent contends that the Illinois Supreme Court's summary dismissal of what it characterized as a motion for leave to file a habeas petition did not amount to a decision on the merits of VanSkike's claim and did not satisfy the exhaustion requirement. (Doc. 12, p. 3). VanSkike never filed a state habeas petition in Illinois circuit court after the Illinois Supreme Court's dismissal, nor did he raise his claims in previous state court actions. Respondent asserts VanSkike has not exhausted his claims, and his Petition for federal habeas relief is premature. (Doc. 12, pp. 3-4).

The exhaustion requirement is not a meaningless formality. Rather, it is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court is bound to review the state court's decision on a state prisoner's claim with a high degree of deference. 28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 562 U.S. 86, 102-03 (2011); *Bell v. Cone*, 535 U.S. 685, 693 (2002). But if a state court never ruled on the prisoner's claim in the first place, the federal court has no state decision to review, and its consideration must necessarily be *de novo* – which is inconsistent with the AEDPA. *See Perruquet v. Briley*, 390 F.3d 505, 518 (7th Cir. 2004); *Groel v. Simmons*, No. 13-cv-1008, 2017 WL 1076891, at *5-6 (S.D. Ill. March 22, 2017).

---

[4] This statute provides that an application for relief "shall be made to the Supreme Court or to the circuit court of the county in which the person . . . is imprisoned . . . or to the circuit court of the county from which such person was sentenced or committed." 735 ILCS 5/10-103 (1997).

4

In this case, the Illinois Supreme Court noted when docketing VanSkike's filing as a motion "for leave to file a petition for writ of habeas corpus" that it "is principally a reviewing court[.]" (Doc. 1, p. 82). Its one-sentence dismissal stated, "The motion by petitioner for leave to file a petition for writ of habeas corpus is denied." (Doc. 1, p. 83). This ruling did not engage with the merits of VanSkike's claims and does not provide any legal reasoning for this Court to consider on habeas review. The summary dismissal did not satisfy the exhaustion requirement. *See Crump v. Lane*, 807 F.2d 1394, 1395-96 (7th Cir. 1986) (Illinois Supreme Court's summary denial of a motion for leave to file an original action did not exhaust state court remedies because claim could still be filed in circuit court).

VanSkike argues that the IDOC has improperly calculated his sentence by denying good conduct credit, and further asserts that he has served his maximum sentence and is entitled to immediate release. The claim for release can only succeed, however, if VanSkike prevails on his sentence calculation arguments.

A complaint for mandamus pursuant to 735 ILCS 5/14-101, *et seq.*, is the appropriate vehicle to compel a state agency to comply with state statutes or administrative rules, such as those governing the calculation of a state prisoner's sentence. *See U.S. ex rel. Johnson v. McGinnis*, 734 F.2d 1193, 1199-1200 (7th Cir. 1984) (collecting cases); *Toney v. Franzen*, 687 F.2d 1016, 1021 (7th Cir. 1982) ("Under Illinois law, mandamus is clearly the appropriate procedure to compel the Department of Corrections to set petitioner's mandatory release date in accordance with law."); *Edwards v. Snyder*, No. 02-C-7632, 2003 WL 21418233 (N.D. Ill. June 18, 2003) (prisoner failed to exhaust dispute over IDOC calculation of release date by seeking mandamus relief in state court); *Overend v. Guard*, 424 N.E.2d 731 (Ill. App. 1982) ("Mandamus is the appropriate means to compel public officials to comply with statutory or constitutional duties."). These cases point to

a state mandamus action, commenced in state circuit court, as the proper avenue for VanSkike to bring his sentence calculation claim.

Respondent acknowledges that VanSkike's claim for immediate release is arguably cognizable in a state habeas corpus action. (Doc. 12, p. 3, n.1). But VanSkike has not sought either mandamus relief or habeas relief in an Illinois circuit court, where prison officials could be ordered to respond to his claims and where a full and reasoned decision could be made in consideration of the relevant facts and law.

Respondent searched the court records of several circuit courts (Macon, Jefferson, and Lawrence Counties) and was unable to find a case filed by VanSkike where he might have raised his release-date claim. (Doc. 12, pp. 3-4, n.2). VanSkike's 2002 Macon County habeas corpus case (No. 2002-MR-115) was dismissed on April 11, 2002, with the docket notation, "Finding that Habeas Corpus is only available if the original judgment is void . . . sentencing scheme and sentences of the defendant are not unconstitutional and not void. The pleadings do not allege an occurrence since the judgment that would entitle petitioner to release." Website of Macon County Circuit Clerk, "Search Cases," http://search.co.macon.il.us/templates/searchcase info.htm (last visited Nov. 25, 2019).[5] Because VanSkike asserts that he completed serving his maximum sentence on April 28, 2017, Respondent notes that he could not have raised his current claim for immediate release in that action. (Doc. 12, pp. 3-4, n.2).

VanSkike reports having sought mandamus relief in 1990 in Will County and 1992 in Randolph County, but does not explain what claims he raised in those actions. (Doc. 15, p. 7). The online records of the Will County Circuit Court disclose that VanSkike filed a mandamus action, Case No. 1990-MR-17453, in December 1990, which was dismissed on April 25, 1991 with the

---

[5] Court documents, including electronic docket information, are public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

notation, "Court finds that plaintiff has had parole hearing on May 9, 1990." Website of Will County Circuit Clerk, https://www.circuitclerkofwillcounty.com/Public-Access, "Case Lookup" (last visited Nov. 25, 2019). The appellate court affirmed the trial court's judgment on April 27, 1992. *Id.* This information indicates that VanSkike did not raise his current claims in that action. The Randolph County Circuit Clerk's online records show that on June 27, 1997 VanSkike filed a habeas corpus action, No. 1997-MR-53, that was dismissed on August 27, 1997, and a mandamus case, No. 2001-MR-79, that was dismissed on March 13, 2002. Case search website for Randolph County Circuit Clerk, https://www.judici.com/courts/cases/case_search.jsp?court=IL079015J (last visited Nov. 25, 2019). The dates of dismissal of these cases likewise suggest that VanSkike would not have been able to raise a claim for immediate release in those actions. Further, VanSkike does not assert that any of these actions served to exhaust his state court remedies with respect to his current claims.

The state mandamus procedure under 735 ILCS 5/14-101, *et seq.*, is available to VanSkike to pursue his sentence calculation claim, and it has the potential to result in an earlier release date than the IDOC has previously calculated. He also may avail himself of the state habeas corpus procedure by filing in the appropriate circuit court; nothing in the Illinois Supreme Court's dismissal order indicates that avenue is closed to him. *See Crump v. Lane*, 807 F.2d 1394, 1395-96 (7th Cir. 1986) (Illinois Supreme Court's summary denial of a motion for leave to file an original action is not an adjudication on the merits that would bar a petitioner from seeking relief in circuit court). VanSkike's state filings to date have not given the Illinois courts an "opportunity to address and correct alleged violations" of his rights. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Such an opportunity is particularly important here, as VanSkike's sentence calculation arguments rest primarily on state law and regulations. *See U.S. ex rel. Johnson v. McGinnis*, 734

F.2d 1193, 1200 (7th Cir. 1984) ("state courts should have the first opportunity 'to mend their own fences.'").

**CONCLUSION**

VanSkike has not exhausted the remedies that are available to him in state court for redress of his claims. *See* 28 U.S.C. § 2254(b)(1) and (c). Accordingly, his Habeas Petition shall be dismissed without prejudice as prematurely filed.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, no reasonable jurist would find it debatable whether this Court's ruling on the issue of exhaustion is correct. Accordingly, the Court denies a certificate of appealability.

VanSkike may reapply for a certificate of appealability to the United States Court of Appeals, Seventh Circuit. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

**DISPOSITION**

Respondent's Motion to Dismiss Habeas Corpus Petition as Unexhausted (Doc. 12) is **GRANTED**. This action is **DISMISSED**. Dismissal is **WITHOUT PREJUDICE** to VanSkike pursuing his claims in a new action, but only after he has exhausted his state court remedies.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If VanSkike wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues VanSkike plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If VanSkike does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: November 26, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**