# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANIEL L. VANSKIKE, # C-68736,** )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**DANIEL Q. SULLIVAN,** )<br>)<br>**Respondent.** ) | Case No. 18-cv-2138-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Petitioner Daniel VanSkike's Motion to Vacate the Court's Order and Judgment dismissing his case, filed December 11, 2019. (Doc. 24). VanSkike asks the Court in the alternative to accept his motion as his Notice of Appeal if the Judgment is not vacated. (Doc. 24, pp. 1, 12-13).

On November 26, 2019, the Court dismissed without prejudice VanSkike's Habeas Corpus Petition filed under 28 U.S.C. § 2254 because he had failed to exhaust his available state court remedies before seeking federal habeas relief. (Docs. 22, 23). The Court declined to issue VanSkike a certificate of appealability. (Doc. 22, p. 8).

VanSkike's motion does not invoke a particular Federal Rule as the basis for relief. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will be considered as having been filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (motion filed within Rule 59(e) time limit may be analyzed under either Rule 59(e) or Rule 60(b), depending on the substance of the motion); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

1

VanSkike's motion was filed well before the 28-day deadline for filing a Rule 59(e) motion to alter or amend the judgment, therefore, either Rule 59(e) or Rule 60(b) may be applied.

A motion under Rule 59(e) may only be granted if the movant shows there was a manifest error of law or fact or presents newly discovered evidence that could not have been discovered previously. *See, e.g.*, *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)).

Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. FED. R. CIV. P. 60(b)(1). The reasons offered by a movant for setting aside a judgment under Rule 60(b), however, must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

VanSkike asserts that the Court made an error of law in concluding that he failed to exhaust his state court remedies. Much of his argument rehashes his contention that he accomplished exhaustion by filing his state habeas corpus petition directly with the Illinois Supreme Court, which

then exhibited "judicial misconduct" by characterizing his filing as a motion for leave to file a petition, which it summarily denied. (Doc. 24, pp. 4, 5-10). He insists that he had the choice under Illinois law to file his habeas corpus petition in either the state circuit court or in the Illinois Supreme Court, and he chose the latter. But even if VanSkike were correct as to the choice of forum question, this does not resolve the matter of exhaustion.

As this Court pointed out in the Order dismissing the case, VanSkike never availed himself of the opportunity to bring a state mandamus action before seeking relief in this Court (and a state habeas corpus action in circuit court is also still open to him). (Doc. 22, p. 5-7). This Court is bound to follow the federal statute dictating that an applicant for habeas corpus relief "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, *by any available procedure*, the question presented." 28 U.S.C. § 2254(c) (emphasis added). It is beyond dispute that the Illinois mandamus procedure and a habeas corpus action in state circuit court have always been available to VanSkike to bring his claims, and he presents no authority to the contrary. So long as an avenue is open to him to resolve his issue in state court, his claim remains unexhausted, and a federal habeas corpus action is premature.

VanSkike has not demonstrated any mistake of law or fact, or presented any newly discovered evidence, that convinces the Court to vacate the judgment pursuant to Rule 59(e). Nor has he stated any grounds for relief within the scope of Rule 60(b). Instead, his claims of legal error are more appropriately presented to the appellate court.

In addition to his legal arguments, VanSkike accuses the undersigned of "criminally conspir[ing]" with the Assistant Attorney General to "force [him] to use a now unlawful means for a state habeas corpus" and "willfully commit[ting] judicial misconduct" (Doc. 24, p. 9); of

3

"conspir[ing]" with the Assistant Attorney General "to criminally cover-up the judicial misconduct of the Justices of the Illinois Court" (Doc. 24, p. 10); and claims that the dismissal of his federal Habeas Petition "is an act of judicial misconduct" (Doc. 24, p. 12). Such unwarranted attacks on the integrity of the judiciary and judicial process go far beyond appropriate legal argument and will not be tolerated.

VanSkike is therefore **WARNED** that if he submits any future documents to this Court including similar language or accusations against any Judge, or otherwise impugning the integrity of the judicial process, he will be subject to sanctions, including but not limited to having his pleadings stricken from the record and/or a monetary fine. *See, e.g.*, *In re Mann*, 229 F.3d 657, 659 (7th Cir. 2000) (warning *pro se* litigant that abusive and disparaging language could result in sanctions); *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997) (courts have inherent authority to protect themselves from vexatious litigation; imposing fine and filing ban pursuant to *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)); *Warren v. United States*, Case No. 11-cv-149-JPG (S.D. Ill. Nov. 2, 2011, Doc. 16) (dismissing case with prejudice as sanction for persistent abusive filings accusing Judge of criminal conduct).

Upon review of the record, the Court remains persuaded that its dismissal of the Petition as unexhausted was correct. Therefore, the Motion to Vacate (Doc. 24) is **DENIED in part** to the extent that the Order dismissing the case and Judgment (Docs. 22 & 23) will stand. Further, the Court shall not issue a Certificate of Appealability, for the reasons stated in the Order at Doc. 22.

The Motion is **GRANTED in part** as to VanSkike's alternative request for relief: The Court **CONSTRUES** the Motion (Doc. 24) as his Notice of Appeal. The Clerk is **DIRECTED** to take all necessary steps to ensure that the docket reflects VanSkike timely filed his Notice of Appeal (Doc. 24) with this Court as of December 11, 2019.

VanSkike may reapply for a Certificate of Appealability to the United States Court of Appeals, Seventh Circuit. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

As previously noted, (Doc. 22, p. 9) VanSkike will incur a $505.00 filing fee for his appeal. If he cannot afford the fee, he may submit a motion for leave to appeal *in forma pauperis* ("IFP") to this Court, which must set forth the issues VanSkike plans to present on appeal, as well as demonstrate his indigence. *See* FED. R. APP. P. 24(a)(1). If VanSkike is allowed to proceed IFP with his appeal, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: January 10, 2010**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**